# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN PETERSON. | ) Case No.: 1:14-cv-01114 - --- - JLT |
| Plaintiff, | )<br>) ORDER GRANTING PLAINTIFF'S MOTION TO<br>) PROCEED IN FORMA PAUPERIS |
| v. | )<br>) |
| BAKERSFIELD POLICE DEPT., et al., | ) ORDER DIRECTING PLAINTIFF TO FILE A<br>) FIRST AMENDED COMPLAINT OR NOTIFY |
| Defendants. | ) THE COURT OF HIS WILLINGNESS TO<br>) PROCEED ONLY ON CLAIM FOUND TO BE<br>) COGNIZABLE |

Antonio Ramirez ("Plaintiff") seeks to proceed *pro se* and *in forma pauperis* with an action pursuant to 42 U.S.C. § 1983 for violations of his civil rights by Officers Aguilar and Benavents of the Bakersfield Police Department.  For the following reasons, the Court orders Plaintiff to either file a First Amended Complaint or notify the Court of his willingness to proceed on his cognizable claim for excessive force.

## I.    Motion to proceed in forma pauperis

The Court may authorize the commencement of an action without prepayment of fees when an individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).  The Court has reviewed Plaintiff's application and has determined his affidavit satisfies the requirements of 28 U.S.C. § 1915(a).  Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

*///*

## II.        Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2).  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.       Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint

1    pleads facts that are "merely consistent with" a defendant's liability, it "stops short of
2    the line between possibility and plausibility of 'entitlement to relief.'

3    *Iqbal*, 566 U.S. at 678 (citations omitted).  When factual allegations are well-pled, a court should

4    assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal

5    conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*

6         The Court has a duty to dismiss a case at any time it determines an action fails to state a claim,

7    "notwithstanding any filing fee that may have been paid."  28 U.S.C. § 1915e(2).  Accordingly, a court

8    "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a

9    claim."  *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal*

10   *Practice and Procedure*, § 1357 at 593 (1963)).  However, leave to amend a complaint may be granted

11   to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d

12   1122, 1127-28 (9th Cir. 2000) (en banc).

13   **IV.    Section 1983 Claims**

14        Plaintiff seeks to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983"), which "is a

15   method for vindicating federal rights elsewhere conferred."  *Albright v. Oliver*, 510 U.S. 266, 271

16   (1994).  An individual may bring a civil rights action pursuant to Section 1983, which provides:

17        Every person who, under color of any statute, ordinance, regulation, custom, or usage,
18        of any State or Territory... subjects, or causes to be subjected, any citizen of the United
          States or other person within the jurisdiction thereof to the deprivation of any rights,
19        privileges, or immunities secured by the Constitution and laws, shall be liable to the
          party injured in an action at law, suit in equity, or other proper proceeding for redress...

20   42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be

21   inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged

22   violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*,

23   529 F.2d 668, 670 (9th Cir. 1976).

24        A plaintiff must allege a specific injury was suffered, and show causal relationship between the

25   defendant's conduct and the injury suffered.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).  Thus,

26   Section 1983 "requires that there be an actual connection or link between the actions of the defendants

27   and the deprivation alleged to have been suffered by the plaintiff."  *Chavira v. Ruth*, 2012 WL

28   1328636 at *2 (E.D. Cal. Apr. 17, 2012).  An individual deprives another of a federal right "if he does

3

1    an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is

2    legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*,

3    588 F.2d 740, 743 (9th Cir. 1978).  In other words, "[s]ome culpable action or in action must be

4    attributable to defendants."  *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D.

5    Cal. Apr. 13, 2012).

6    **V.      Discussion and Analysis**

7           Plaintiff asserts that on March 18, 2014, he was confronted by Officers Aguilar and Benavents

8    in his mother's bathroom.  (Doc. 1 at 4.)  According to Plaintiff, the officers ordered him to come out of

9    the bathroom and he complied.  (*Id.*)  Plaintiff alleges the officers then "forced [him] back into [the]

10   bathroom and assaulted hi[m] multiple times" by hitting him "with closed fist (sic) in face, head and

11   upper body."  (*Id.*)  Plaintiff asserts that he unconscious "for a few seconds," and awoke when being hit

12   in the back of his head.  (*Id.*)  He asserts the officers dragged him to the patrol car, where he was

13   searched by the officers.  (*Id.*)  Plaintiff reports he was "placed in [the] car for hours with no medical

14   attention," before he was transported to the downtown jail.  (*Id.*)  He alleges the nursing staff at the jail

15   "told officers [he] needed to go to [Kern Medical Center]."  (*Id.*)  Plaintiff asserts he "was escorted to

16   KMC [but] received no medical treatment."  (*Id.*)

17          Based upon these facts, it appears that Plaintiff asserts the defendants are liable for violations

18   of his Fourth and Fourteenth Amendment rights to be free from the use of excessive force and to

19   receive adequate medical care.  (Doc. 1 at 4.)

20          **A.      Excessive Force Amounting to Punishment**

21          The Supreme Court of the United States has determined that the Due Process Clause of the

22   Fourteenth Amendment protects individuals who have not yet been convicted of a crime "from the use

23   of excessive force that amounts to punishment."  *Graham v. Connor*, 490 U.S. 386, 388 (1989).

24   However, allegations of excessive force during the course of an arrest are analyzed under the Fourth

25   Amendment, which prohibits arrests without probable cause or other justification.  *Id.* ("claim[s] that

26   law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or

27   other 'seizure' … are properly analyzed under the Fourth Amendment's 'objective reasonableness'

28   standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an

arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures").  The Supreme

Court explained,

> As in other Fourth Amendment contexts . . . the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 396-97 (1989) (internal citations omitted).  In applying this standard, the Ninth

Circuit instructs courts to consider "the totality of the circumstances and . . . whatever specific factors

may be appropriate in a particular case." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010).

Here, Plaintiff asserts Officers Aguilar and Benavents struck him to the point that he lost

consciousness despite that he complied with orders to exit the bathroom.  In *Graham*, the Supreme

Court set forth factors to be considered in evaluating whether the force used was reasonable, "including

the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the

officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."

*Id.*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985).  In addition, Court may

consider "whether officers administered a warning, assuming it was practicable."  *George v. Morris*,

736 F.3d 829, 837-38 (9th Cir. 2013) (citing *Scott v. Harris*, 550 U.S. 372, 381-82 (2007).  Ultimately,

the "reasonableness" of the actions "must be judged from the perspective of a reasonable officer on the

scene, rather than with the 20/20 vision of hindsight."  *Graham*, 490 U.S. at 396.

Here, based upon the facts alleged, Plaintiff posed no threat to the safety of others nor did he

attempt to escape.  Regardless, the Ninth Circuit observed that evaluation of whether the force used

was reasonable "is ordinarily a question of fact for the jury." *Liston v. Cnty. of Riverside*, 120 F.3d

965, 976 n.10 (9th Cir. 1997); *see also Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002) (a

determination on the reasonableness of the use of force "nearly always requires a jury to sift through

disputed factual contentions, and to draw inferences therefrom").  Moreover, the Ninth Circuit also

determined that the use of force upon a person after surrender constitutes excessive force.  *LaLonde v.*

*County of Riverside*, 204 F.3d 947, 961 (9th Cir. 2000).  Accordingly, for screening purposes only, the

Court finds the facts alleged sufficient to support a cognizable claim for the use of excessive force.

**B.**     **Denial of Medical Care**

Plaintiff was a detainee at the time he suffered a need for medical care.  Therefore, the proper analysis of Plaintiffs complaint of the denial of medical care is under "the more protective substantive due process standard" of the Fourteenth Amendment, rather than the Eighth Amendment.  *Jones v. Blanas*, 393 F.3d 918, 931-33 (9th Cir. 2004); *see also Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because [the plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment"). However, with issues related to health and safety, "the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes." *Gibson,* 290 F.3d at 1187.  Therefore, the requisite standard of care is determined by applying the standards set forth by the Eighth Amendment.

1.     Serious medical need

A serious medical need exists "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (quoting *Estelle,* 429 U.S. at 104).  Indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990).

In this case, Plaintiff does not identify his serious medical need, or explain the injury he suffered.  However, he reports that nurses at the downtown jail determined that Plaintiff needed to be treated at Kern Medical Center.  (Doc. 1 at 4.)  Thus, it appears Plaintiff had a serious medical need.

2.     Deliberate indifference

Assuming Plaintiff established the existence of a serious medical need, he must also demonstrate Defendants responded to that need with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  In clarifying the culpability required for deliberate indifference," the Supreme Court held,

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exits, and he must also draw that inference.

*Farmer*, 511 U.S. at 837. Therefore, a defendant must be "subjectively aware that serious harm is likely to result from a failure to provide medical care." *Gibson*, 290 F.3d at 1193 (emphasis omitted). When a defendant should have been aware of the risk of substantial harm but, indeed, was not, "then the person has not violated the Eighth Amendment, no matter how severe the risk." *Id.* at 1188.

Where deliberate indifference relates to medical care, "[t]he requirement of deliberate indifference is less stringent . . . than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns." *Holliday v. Naku*, 2009 U.S. Dist. LEXIS 55757, at *12 (E.D. Cal. June 26, 2009) (citing *McGuckin*, 974 F.2d at 1060). Claims of negligence or medical malpractice are insufficient to claim deliberate indifference. *Id.* at 394; *Toguchi*, 391 F.3d at 1057. Generally, deliberate indifference to serious medical needs may be manifested in two ways: "when prison officials deny, delay, or intentionally interfere with medical treatment, or . . . by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).

Here, Plaintiff has not alleged any facts to support a conclusion that Officers Aguilar and Benavents knew he faced a risk of further harm or injury due to a lack of medical care prior to being taken to the downtown jail. *See Conn v. City of Reno*, 592 F.3d 1081 (9th Cir. 2010) (deliberate indifference "requires *both* (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need *and* (b) harm caused by the indifference") (emphasis added). Further, Plaintiff does not allege the nurse informed *Defendants* that he needed medical care. Therefore, Plaintiff fails to state a cognizable claim of inadequate medical care.

## VI.    Conclusion and Order

Plaintiff fails to state a cognizable claim for deliberate indifference to a serious medical need. However, Plaintiff has stated a cognizable claim for excessive force in violation of the Fourteenth Amendment by Officers Aguilar and Benavents.

Plaintiff will be given **one** opportunity to file an amended complaint curing the deficiencies

identified in this order.  *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Alternatively, Plaintiff may notify the Court in writing that his does not wish to file an amended complaint and is willing to proceed only on his cognizable claim for excessive force rising to the level of punishment. At that time, the Court will authorize service and issue summons.

The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."   Plaintiff is advised that the Court cannot refer to a prior pleading in order to make Plaintiff his First Amended Complaint complete, and that after an amended complaint is filed, the other pleadings no longer serves any function in the case.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (explaining that as a general rule, an amended complaint supersedes the original complaint).  Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citation omitted).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1.    Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) is **GRANTED**;

2.    Within 21 days from the date of service of this order, Plaintiff must either:

   a.    File an amended complaint curing the deficiencies identified by the Court in this order, **or**

   b.    Notify the Court in writing of his willingness to proceed only on his claim for excessive force; and

3.    If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **August 19, 2014**                         **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE

8